# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| ADRIAN FATAN | § | |
| | § | |
| v. | § | Case No. 4:11cv812 |
| | § | (Judge Mazzant) |
| FRED TILLMAN | § | |

## <u>MEMORANDUM OPINION</u>

Pending before the Court is Fred Tillman's Bill of Costs and Plaintiff's response in opposition (Dkt. #86, #87, #90).

After denial of the motion for summary judgment, the case proceeded to trial where the jury found for the Defendant and the Court entered a Final Judgment in favor of Defendant (Dkt. #84, #85). The Final Judgment did not address the issue of costs. Defendant then filed his Bill of Costs and Plaintiff filed his response in opposition to an award of costs, asserting that Defendant is not a prevailing party in the case.

Under Federal Rule of Civil Procedure 54(d), costs, other than attorney's fees, should be granted to the prevailing party. Title 28, United States Code, Section 1920, sets forth which costs are taxable. Taxable costs include, among other things, fees for copies and transcripts necessarily obtained for use in the case and fees for witnesses. The party seeking to recover costs has the burden of producing evidence properly documenting and establishing the costs incurred. *Fogleman v. ARAMCO*, 920 F.2d 278, 285–86 (5th Cir. 1991); *Faculty Rights Coal. v. Shahrokhi*, Civ. A. No. H–04–2127, 2005 WL 1924192, at *1 (S.D. Tex. Aug.10, 2005). The district court has wide discretion to determine whether the prevailing party is entitled to an award of costs for claimed expenses. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987); *Migis v. Pearle*

*Vision, Inc.*, 135 F.3d 1041, 1049 (5th Cir. 1998); *Conoco, Inc. v. Energy & Envtl. Int'l, L.C.*, Civ. A. No. H–01–4242, 2006 WL 734396, at *1 (S.D. Tex. Mar. 22, 2006). In *Crawford*, the Supreme Court went on to find that a federal court may refuse to tax costs in favor of the prevailing party. *Id.* at 442. A court "may neither deny nor reduce a prevailing party's request for cost without first articulating some good reason for doing so." *Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir.), *cert. denied*, 549 U.S. 888 (2006) (citation omitted). The factors to consider in withholding costs include: (1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources. *Id.* (citing 10 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2668, at 234 (1998)). The Fifth Circuit went on to note that "every case cited by Wright and Miller for this proposition denies costs on the basis of both the losing party's good faith and some other one or more of the factors listed above." *Id.* It was further stressed that a losing party's good faith alone is insufficient to justify the denial of costs to the prevailing party. *Id.*

In the present case, there has been no showing that Plaintiff's lawsuit was not brought in good faith. In fact, Plaintiff survived a motion to dismiss and a motion for summary judgment. His good faith standing alone, however, is not enough to justify the withholding of costs. Plaintiff persuasively argued that the third factor weighs in his favor. This case involved difficult legal issues. The Court would note that there is no hint of misconduct by the Defendant in this case, which is the second factor. Overall, since Plaintiff brought the case in good faith and another factor weighs in his favor, the Court is of the opinion, and so finds, that costs should not be awarded to the Defendant.

Although the Court's Final Judgment failed to mention an award of costs, the Court's intent was to order each side to bear its own costs.

It is therefore ORDERED that Defendant's Bill of Costs (Dkt. #86) is hereby DENIED.

**SIGNED this 15th day of April, 2014.**

AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE